UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY KINTA JENKINS,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-930-RLM-MGG

WHEELER, et al.,

    Defendants.

OPINION AND ORDER

Rodney Kinta Jenkins, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Jenkins alleges that Officer Wheeler and Officer Wolf searched his cell on March 28, 2022. Inmates who witnessed the search told Mr. Jenkins that the officers left with papers, cardboard, and photos. Mr. Jenkins was missing a cardboard box, a trial transcript, and thirteen photographs. Mr. Jenkins filed a grievance asking that his property be returned. J. Wallen denied the grievance, noting that Officer Wheeler said he didn't take anything from the cell. The grievance was denied without talking

to Officer Wolf. Mr. Jenkins believes J. Wallen should have investigated more thoroughly. He seeks monetary damages and the return of his property.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. Hossman v. Spradlin, 812 F.2d 1019 (7th Cir. 1987). Legal papers aren't considered irreplaceable merely because there is a cost associated with obtaining them. Mr. Jenkins's allegations don't state a claim on which relief can be granted.

Mr. Jenkins also sues J. Wallen for not investigating his grievance more thoroughly. Mr. Jenkins has no constitutional right to access the grievance

2

process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he can't proceed against J. Wallen.

It seems unlikely that Mr. Jenkins will be able to state a claim, given the facts presented in his complaint, but the court will give him a chance to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). If Mr. Jenkins decides to file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Rodney Kinta Jenkins until **January 13, 2023**, to file an amended complaint; and

(2) CAUTIONS Mr. Jenkins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 13, 2022

                                          s/ Robert L. Miller, Jr.
                                          JUDGE
                                          UNITED STATES DISTRICT COURT